[No. 10270.   Department One.   September 6, 1912.]

PIONEER SAND & GRAVEL COMPANY, INCORPORATED,
*Respondent*, v. INTERNATIONAL CONTRACT
COMPANY, *Appellant*.[1]

EVIDENCE—DOCUMENTARY EVIDENCE—BOOK ENTRIES—ADMISSIBIL-
ITY.   Entries in account books of a corporation are admissible,
where the employee who made the original notations with knowledge
of the transaction had left the country, and could not be found or
produced, and his employment, duties and handwriting were proven.

Appeal from a judgment of the superior court for King
county, Yakey, J., entered December 9, 1911, upon findings
in favor of the plaintiff, after a trial on the merits before
the court without a jury, in an action on contract. Affirmed.

*Preston & Thorgrimson* and *Sandford C. Rose*, for ap-
pellant.

*W. H. White*, for respondent.

PER CURIAM.—Action by Pioneer Sand & Gravel Com-
pany, Incorporated, a corporation, against International
Contract Company, a corporation, and the city of Seattle,
to recover for sand and gravel sold by the plaintiff to the
defendant International Contract Company, to be used in
performance of a contract which it had with the city of Seat-
tle.   From a judgment in plaintiff's favor against the de-
fendant International Contract Company, the latter has ap-
pealed.

Appellant concedes that it did purchase sand and gravel
from respondent.   The only dispute relates to the quantity
delivered.   Respondent demanded judgment for $2,258.45,
while appellant conceded $1,507.52, for which it offered to
confess judgment, but denied its indebtedness in any greater
sum.   The only issue involved is whether the respondent sold
and delivered the amount of sand and gravel alleged in its

[1]Reported in 126 Pac. 84.

complaint.   On conflicting evidence the trial judge found that it did, and after reading the entire record, we conclude the finding must be sustained.

Some question is raised by appellant as to the competency of certain entries in respondent's books which were admitted in evidence.   Respondent's employee, who superintended the original measurement and shipment of .the sand and gravel and made the original notations for the books, was no longer in respondent's employ, had left the country, could not be found, and therefore could not be produced as a witness on the trial.   His employment, duties, and handwriting were proven, and his absence accounted for.   The evidence was competent and admissible.   *Cascade Lumber Co. v. Aetna Indemnity Co.*, 56 Wash. 503, 106 Pac. 158; *Carlisle Packing Co. v. Deming*, 62 Wash. 455, 114 Pac. 172; *Lawn v. Prager*, 67 Wash. 568, 121 Pac. 466.

The judgment is affirmed.